NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MERINO, | No. 22-16746 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00826-KJM-DMC |
| v. | |
| VIVIAN VUONG, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 22, 2024[**]

Before:    CALLAHAN, LEE, and FORREST, Circuit Judges.

California state prisoner Francisco Merino appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Mangiaracina*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).  We affirm.

The district court properly dismissed Merino's action because Merino failed to allege facts sufficient to show that defendant was deliberately indifferent in treating Merino's eye injury.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a "high legal standard" that requires a defendant be aware of and disregard an excessive risk to a prisoner's health; medical malpractice, negligence, or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We treat Merino's filing at Docket Entry No. 21 as a renewed motion for appointment of pro bono counsel and deny the motion.

**AFFIRMED.**

22-16746